IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| KISHA HUNTER, | ) | CASE NO. 16-30060-DHW |
| | ) | CHAPTER 13 |
| Debtor. | ) | |

## RESPONSE TO DEBTOR'S OBJECTION TO CLAIM
### [Internal Revenue Service]

Comes now the United States of America, by and through George L. Beck, Jr., United States Attorney for the Middle District of Alabama, on behalf of the United States Department of the Treasury, Internal Revenue Service (Service), and in response to the Debtor's Objection to Claim states as follows:

1. On January 27, 2016, the Service timely filed a Proof of Claim in the total amount of $13,255.24, of which $6,603.95 was classified as unsecured priority and $6,651.29 was classified as unsecured general. [Claim 3-1].

2. On February 24, 2016, Debtor filed an objection to the claim of the Service. [Doc. 15]. Debtor disputes the estimated liabilities for tax years 2014 and 2015. Debtor further disputes the classification of the 2011 tax period as priority. Debtor requests a reduction of the priority claim to zero and a reduction of the unsecured general claim to the amounts reflected in Debtor's returns. [Doc. 15].

3. Since the filing of Debtor's petition, Debtor has filed the required returns for tax years 2014 and 2015. The Proof of Claim was amended on March 1, 2016, to reflect the updated assessments. [Claim 3-2].

4. As to tax year 2011, the liability is properly classified. Debtor had a prior Chapter 13 bankruptcy case which was converted to a Chapter 7 case. Collection of the

liability was tolled during the time Debtor was in bankruptcy. (See Case No. 12-32603). No change in the 2011 tax classification is necessary at this time.

5. Under Rule 3001(f) of the Federal Rules of Bankruptcy Procedure, the claim constitutes prima facie evidence of the validity and the amount of the claim. The proof of claim filed by the Service is "strong enough to carry over a mere formal objection without more." In re Holm, 931 F.2d 620, 623 (9th Cir. 1991). The Debtor has the burden to overcome the claim. See United States v. Kiester, 182 B.R. 52, 53 (M.D. Fla. 1995). An objection to claim, without substantial evidence to support an objection, is insufficient to deprive the claim of its presumptive validity. See In re Hemingway Transp., Inc., 993 F.2d 915, 925 (1st Cir. 1993); In re Bertelt, 206 B.R. 579, 584 (Bankr. M.D. Fla. 1996). "The burden of proof is on the objecting party to produce evidence 'equivalent in probative value to that of the creditor to rebut the prima facie effect of the proof of claim. However, the burden of ultimate persuasion rests with the claimant.'" quoting In re Busch, 213 B.R. 390, 392 (Bankr. M.D. Fla. 1997) quoting In re Homelands of DeLeon Springs, Inc., 190 B.R. 666, 668 (Bankr. M.D. Fla. 1995) citing In re VTN, Inc., 69 B.R. 1005 (Bankr. S.D. Fla. 1987).

Respectfully submitted this 21st day of March, 2016.

GEORGE L. BECK, JR.
UNITED STATES ATTORNEY

 /s/ DeAnne M. Calhoon
DeAnne M. Calhoon (CAL065)
Assistant United States Attorney
DeeDee.Calhoon@usdoj.gov

U.S. Attorney's Office
Middle District of Alabama
P.O. Box 197
Montgomery, AL 36101-0197
Telephone: 334-551-1714
Facsimile: 334-223-7201

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of March, 2016, I served a copy of the foregoing document, Response to Debtor's Objection to Claim, by the method indicated after each name, upon the following:

Teresa Jacobs
U.S. Bankruptcy Administrator
One Church Street
Montgomery, AL   36104
[electronic service]

Richard D. Shinbaum
Shinbaum & Campbell
P.O. Box 201
Montgomery, AL 36101
[electronic service]

Curtis C. Reding
Chapter 13 Trustee
P.O. Box 173
Montgomery, AL 36101
[electronic service]

Kisha Hunter
304 Gatsby Drive
Montgomery, AL 36106
[United States Postal Service]

/s/ DeAnne M. Calhoon
DeAnne M. Calhoon
Assistant United States Attorney